IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-47,218-05






EX PARTE LLOYD ANTHONY JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 723038 IN THE 263RD DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to forty years' imprisonment.

 In his present application, Applicant raises four grounds challenging his conviction. This
application, however, presents a more serious question. Applicant alleges that he has newly-discovered evidence of actual innocence. In support of his allegations, Applicant submitted two
documents purporting to be affidavits from two co-defendants, stating that Applicant had no
knowledge of the offense.

 In opposition, the State has obtained an affidavit from one of the two co-defendants, in which
he denies having written or signed the affidavit presented by Applicant with his application. The
affidavit of the second co-defendant is questionable because the purported author's name is
misspelled, and his TDC number is incorrect. 

 The trial court has found that the two affidavits provided by Applicant in support of his
application do not constitute newly-discovered evidence of actual innocence. Although the trial
finds that the affidavits are "not credible," the court does not make specific findings as to whether
Applicant intentionally submitted false evidence by filing the affidavits with his application. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the two
affidavits submitted by Applicant in support of his habeas application constitute false evidence, and
as to whether Applicant, by submitting those affidavits, has made himself subject to citation for
abuse of the writ. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: February 13, 2013

Do not publish